TOGUT, SEGAL & SEGAL LLP
Bankruptcy Counsel for the Debtor
 and Debtor in Possession
One Penn Plaza - Suite 3335
New York, New York  10119
(212) 594-5000
Scott E. Ratner (SR-0015)
Anthony M. Vassallo (AV-3169)
Daniel F. X. Geoghan (DG-3132)

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
In re:                                                          :    Chapter 11
                                                                :    Case No.  04-15389 [BRL]
    SALTIRE INDUSTRIAL, INC.,             :
                                                                :
                                              Debtor.     :
                                                                :
-----------------------------------------------------------------x

**DEBTOR'S FIRST OMNIBUS OBJECTION SEEKING TO
DISALLOW AND EXPUNGE CERTAIN CLAIMS AGAINST THE ESTATE
(CLAIM NOS. 95, 189, 220, 224, 231, 236, 237, 239, 259, 260, 277, 290, 335, 342, 345, 358)**

TO THE HONORABLE BURTON R. LIFLAND,
UNITED STATES BANKRUPTCY JUDGE:

        Saltire Industrial, Inc., the debtor and debtor in possession herein (the "Debtor"), by its attorneys, Togut, Segal & Segal LLP, seeks entry of an order disallowing and expunging certain proofs of claim as identified in Exhibits "1", "2" and "3", annexed to this objection, on the grounds that the claims either (a) are duplicative of other claims that have been filed herein; or (b) have been superseded or amended by later-filed claims, and respectfully shows this Honorable Court that:

## BACKGROUND

        1.     On August 17, 2004 (the "Petition Date"), the Debtor filed with this Court a voluntary petition for relief under chapter 11 of title of the United States Code, 11 U.S.C. § 101, et seq. (the "Bankruptcy Code").  The Debtor continues to operate its

business and manage its properties as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2.  The United States Trustee appointed an official committee of unsecured creditors (the "Committee") on September 3, 2004, and the Committee selected Lowenstein Sandler, P.C. to serve as its counsel.

3.  On August 24, 2004, the Debtor filed its schedules of assets and liabilities and statement of financial affairs. The Debtor filed an amended statement of financial affairs on January 27, 2005.

4.  By Order, dated November 3, 2004, the Court fixed December 10, 2004 as the last date by which proofs of claim based on prepetition debts or liabilities against the Debtor must be filed (the "Claims Bar Date").

5.  More than 400 proofs of claim have been filed in this case. The Debtor's management has been reconciling the proofs of claim to identify objectionable claims by reviewing each claim filed in this case, the official claims register maintained by Garden City Group, the Debtor's court-appointed claims' agent, and its own books records. As a result, the Debtor has prepared this first omnibus objection (the "Objection") to disallow and expunge certain claims (collectively, the "Disputed Claims") because they are duplicative of and/or have been amended and superseded by other filed claims. The Debtor expects to file one or more additional omnibus objections shortly and will file further objections later as the reconciliation process continues.

## JURISDICTION

6.  This Court has jurisdiction over this Objection pursuant to 28 U.S.C. §§ 157 and 1334 and the "Standing Order of Referral of Cases to Bankruptcy Judges,"

dated July 10, 1984.  Venue of this case and this Objection in this district is proper pursuant to 28 U.S.C. § 1408.  The statutory predicates for the relief sought herein are section 502 of the Bankruptcy Code and Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

### RELIEF REQUESTED

7.      The Debtor seeks entry of an Order pursuant to section 502 of the Bankruptcy Code and Bankruptcy Rule 3007 to expunge and disallow (a) duplicate claims set forth in Exhibit "1" annexed hereto;  (b) amended and/or superseded claims set forth in Exhibit "2" annexed hereto;  and (c) the duplicative, amended and/or superseded Wyeth and Fultz PRP Group claims identified on Exhibit "3" annexed hereto (each as defined below).  The annexed Exhibits also set forth the surviving claim(s) filed by, or on behalf of, the creditors against which no relief is sought by this Objection.

8.      Section 502 of the Bankruptcy Code provides, in pertinent part, as follows:

> (a)    A claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest, including a creditor of a general partner in a partnership that is a debtor in a case under Chapter 7 of this title, objects.

11 U.S.C. § 502(a).

9.      Bankruptcy Rule 3007 provides:

> An objection to the allowance of a claim shall be in writing and filed.  A copy of the objection with notice of the hearing thereon shall be mailed or otherwise delivered to the claimant, the debtor or debtor in possession and the trustee at least 30 days prior to the hearing.  If an objection to a claim is joined with a demand for relief of the kind specified in Rule 7001, it becomes an adversary proceeding.

3

**A.     Duplicate Claims.**

10.     The claims listed on Exhibit "1" are duplicate claims of other claims filed in response to the Claims Bar Date. Three individuals, Fonda Harris, Jacqueline Boner, and Joseph Balser (collectively the "W.C. Claimants"), filed Disputed Claims, docketed as Claim Nos. 224, 290 and 358 (the "W.C. Claims"), respectively, seeking payment of the workers' compensation claims they filed with the Ohio Bureau of Workers' Compensation ("OBWC"). The OBWC itself has filed two proofs of claim in this case. One of OBWC's claims, Claim No. 2, in the amount of $764,742.45 ("OBWC Claim"), also seeks payment related to the workers' compensation claims filed with the OBWC, including those asserted by the W.C. Claimants. As the W.C. Claimants are already included in OBWC Claim No. 2, they are duplicative and should be disallowed and expunged.

11.     If these Disputed Claims are not disallowed and expunged, there is a potential risk that the claimants would receive a windfall or excessive recovery to the detriment of other creditors. Accordingly, the Debtor requests that this Court disallow and expunge the Disputed Claims listed on Exhibit "1."

**B.     Amended and/or Superseded Claims.**

12.     The Disputed Claims listed on Exhibit "2" have been amended and/or superseded by other claims filed in response to the Claims Bar Date. If these Disputed Claims are not disallowed and expunged, there is a potential risk that the claimants would receive a windfall or excessive recovery to the detriment of other creditors. Accordingly, the Debtor requests that this Court disallow and expunge the Disputed Claims listed on Exhibit "2."

4

C.   **The Fultz PRP Group and Wyeth Claims.**

13.   The Debtor is a member of certain so-called "PRP Groups" participating in the clean up of certain environmentally challenged sites, including the so-called Fultz Landfill in Byesville, Ohio (the "Fultz Landfill").  Prior to the Petition Date, the Debtor signed the Fultz Landfill Site Participation Agreement (the "Fultz Site Participation Agreement"), along with a number of other parties, agreeing to perform certain work at the Fultz Landfill and to pay certain amounts in relation to the site.  The Fultz Landfill PRP Group (the "Fultz PRP Group") filed two claims against the Debtor's estate in connection with the Fultz Site Participation Agreement.  The Fultz PRP Group's first claim, Claim No. 237, was amended and/or superseded by Claim No. 328 (the "Amended Fultz PRP Group Claim").  Therefore, the Debtor seeks to expunge Claim No. 237 on the grounds that it has been amended and/or superseded by Claim No. 328.

14.   Wyeth, f/k/a American Home Products ("Wyeth"), a member of the Fultz PRP Group, also filed two claims against the Debtor's estate alleging amounts owed pursuant to the Fultz Site Participation Agreement.  Wyeth's Claim No. 239 was amended and/or superseded by Claim No. 335 (the "Amended Wyeth Claim").  Therefore, the Debtor seeks to expunge Claim No. 239 on the grounds that it has been amended and/or superseded by Claim No. 335.

15.   Lastly, pursuant to the Fultz Site Participation Agreement, it is the PRP Group, not its individual members, that is authorized to file a claim against the Debtor's estate.  Therefore, as the Amended Wyeth Claim is included within the Amended Fultz PRP Group Claim, it is a duplicate claim and should be disallowed and expunged. See Exhibit "3".

5

**RESERVATION OF RIGHTS**

16. The Debtor expressly reserves the right to amend, modify, or supplement this Objection and to file additional objections to the Disputed Claims or any other claims (whether filed or not) which the claimants may assert against the Debtor. Should one or more of the objections in this Objection be denied or dismissed, the Debtor reserves its rights to object to the Disputed Claims on any other grounds the Debtor discovers during the pendency of this case.

17. The relief sought respecting these Disputed Claims should not be controversial because in each instance, the holder of a Disputed Claim will continue to be the actual and/or beneficial holder of a surviving claim, either in its own name or, in the case of the W.C. Claimants and Wyeth, as part of a group claim that is unaffected by this Objection. The relief sought is in the best interest of the Debtor, its estate, its creditors and other parties-in-interest. Accordingly, the Debtor's Objection should be granted in full.

**NOTICE**

18. The Debtor has provided notice of the relief requested herein by service of a copy of this Objection and the Exhibits hereto by regular, first-class mail upon: (a) the Committee, by its attorneys; (b) all of the creditors listed on Exhibits "1", "2" and "3" annexed hereto; (c) all parties having filed a notice of appearance in the Debtor's case; and (d) the United States Trustee. The Debtor submits, and requests that this Court find, that no other or further notice of this Objection is necessary or required.

19. The Debtor requests that the requirement of filing and serving a memorandum of law pursuant to Local Bankruptcy Rule 9013-1(b) be waived as this Objection does not raise any novel legal issues.

20. No previous request for the relief sought herein has been made to this or any other court.

## CONCLUSION

**WHEREFORE,** the Debtor respectfully requests entry of an Order, substantially in the form annexed hereto as Exhibit "4", disallowing and expunging the Disputed Claims set forth on Exhibits "1", "2" and "3", and for such other and further relief as this Court may deem just and proper.

DATED:  New York, New York
          February 15, 2005

                                    SALTIRE INDUSTRIAL, INC.,
                                    Debtor and Debtor in Possession
                                    By its Bankruptcy Counsel,
                                    TOGUT, SEGAL & SEGAL LLP,
                                    By:


                                    /s/Scott Ratner
                                    SCOTT E. RATNER (SER-0015)
                                    A Member of the Firm
                                    One Penn Plaza, Suite 3335
                                    New York, New York  10119
                                    (212) 594-5000